Jeff Carruth (TX SBN:. 24001846)
WEYCER, KAPLAN, PULASKI & ZUBER, P.C.
3030 Matlock Rd., Suite 201
Arlington, TX 76015
Telephone: (713) 341-1158
Fax: (866) 666-5322
E-mail: jcarruth@wkpz.com

ATTORNEYS FOR
ANSON FINANCIAL INC.
DEBTOR AND DEBTOR IN POSSESSION

Kathryn Magan (TX SBN: 24107854)
Magan Law, PLLC
62 Main St., Ste. 310
Colleyville, Texas 76034
Telephone: (817) 209-4298
E-mail: k.magan@maganlawpllc.com

COUNSEL FOR S&F FUNDING, LLC and
CHANY DEVELOPMENT, INC.

Christopher M. Lee
State Bar No. 24041319
LEE LAW FIRM, PLLC
8701 Bedford Euless Rd, Ste 510
Hurst, TX 76053
469-646-8995 Phone
469-694-1059 Fax

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## FORT WORTH DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| **ANSON FINANCIAL, INC.,** | § | **CASE NO. 21-41517** |
| | § | |
| DEBTOR. | § | |
| | § | |
| **JOSEPH YAMMINE, Individually and** | § | |
| **d/b/a JW CONSTRUCTION,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **vs.** | § | **Adversary No. 22-04008-ELM** |
| | § | |
| **ANSON FINANCIAL, INC.,** | § | |
| **S&F FUNDING, LLC and CHANY** | § | |
| **DEVELOPMENT, INC.,** | § | |
| Defendants. | § | |

## DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S ORIGINAL COMPLAINT FOR LACK OF SUBJECT MATTER JURISDICTION AND FAILURE TO STATE A CLAIM

**TO THE HONORABLE EDWARD L. MORRIS, U.S. BANKRUPTCY JUDGE:**

Anson Financial, Inc., ("Debtor", "Anson"), S&F Funding, LLC, ("S&F") and Chany Development, Inc. ("Chany") (collectively referred to as the "Defendants") file this *Motion to Dismiss Plaintiff's Original Complaint for Lack of Subject Matter Jurisdiction and Failure to State a Claim* in the above-entitled and numbered cause pursuant to Rule 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure and would show to the Court the following.

## BACKGROUND FACTS

1.      On June 25, 2021, Anson commenced the above-captioned case by filing a voluntary petition under Chapter 11 United States Bankruptcy Code, Title 11 of the United States Code, 11 U.S.C. § 101 et seq. (the "Code").

2.      On July 27, 2021, the Debtor amended its petition to proceed under Subchapter V of Chapter 11.

3.      On February 8, 2022, Joseph Yammine, individually, and d/b/a JW Construction (collectively, "Yammine" or the "Plaintiffs") initiated this adversary proceeding by filing the *Plaintiff's Original Complaint* (Docket No. 1) (the "Complaint") in which Plaintiffs assert breach of contract, conversion, and wrongful foreclosure sales under Texas law.

## INTRODUCTION

4.      Plaintiffs lack standing in order to bring any causes of action asserted and therefore, the Court lacks subject matter jurisdiction to hear this case. Plaintiffs have not shown that they are the current owners of the properties or that they are a mortgagor of the properties, entitling them to relief.  Regardless, Plaintiffs have not pleaded any injury in fact.

5.      The Complaint is also defective on its face.  Each of the claims Plaintiffs rest upon, are filled with generalized claims of breach of contract, wrongful foreclosure, conversion, and theft

without stating any plausibility for these claims.  The allegations lack plausible facts entitling
Plaintiffs to relief, and Plaintiffs allege no injury.

## ARGUMENT AND AUTHORITIES

### Lack of Subject Matter Jurisdiction

6.      Lack of standing means that the court lacks jurisdiction to hear the dispute.[1]  In
order to have standing, "the plaintiff must have (1) suffered an injury in fact, (2) that is fairly
traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a
favorable judicial decision."[2]  "The plaintiff, as the party invoking federal jurisdiction, bears the
burden of establishing these elements."[3]

7.      Injury in fact is a constitutional requirement, and "[it] is settled that Congress
cannot erase Article III's standing requirements by statutorily granting the right to sue to a plaintiff
who would not otherwise have standing."[4]  To establish injury in fact, a plaintiff must show that
he or she suffered "an invasion of a legally protected interest" that is "concrete and particularized"
and "actual or imminent, not conjectural or hypothetical."[5]  For an injury to be "particularized," it
"must affect the plaintiff in a personal and individual way."[6]  An injury in fact must also be
"concrete," meaning "real," and not "abstract."[7]

---

[1] *Yarls v. Bunton,* 905 F.3d 905, 909 (5th Cir. 2018) ("Lack of standing means lack of jurisdiction. And lack of
jurisdiction means lack of judicial power.").

[2] *Spokeo, Inc. v. Robins,* 578 U.S. 330, 338 (2016).

[3] *Id.*

[4] *Id.* at 339.

[5] *Id.*  (quoting *Lujan v. Defenders of Wildlife,* 504 U.S. 555, 560 (1992).

[6] *Id.*; *Valley Forge Christian College v. American United for Separation of Church & State,* 454 U.S. 464, 472 (1982)
(standing requires that the plaintiff "personally has suffered some actual or threatened injury").

[7] *Spokeo,* 578 U.S. at 339-340.

8.      To have standing to contest the foreclosure of a deed of trust, a party must either be a mortgagor under the deed of trust or be in privity with the mortgagor, or have a legal or equitable interest in property affected by the foreclosure.[8]

9.      The properties complained of —2621 and 2625 Prospect Avenue, 2704 Hanna Avenue, 2704 Holland Street, and 1301 Lagonda Avenue — are not owned by Plaintiffs now and were not owned by Plaintiffs at the time of the alleged foreclosure on March 2, 2021.[9]  Further, Plaintiffs have not shown that they are a mortgagor of the properties.

10.     The properties listed in Paragraph No. 8 of Plaintiffs Original Complaint are owned by M & J Family Trust or Simona Barron based upon the bankruptcy schedules of Simona Barron under Case No. 21-40441-elm13, Doc. 22 filed on April 19, 2021.[10]

11.     Simona Barron is a deceased person and therefore this case concerns matters incident to estate, over which the Tarrant County Probate Court has jurisdiction.[11]

12.     Further, because Plaintiffs are not the owners of the complained of properties and have not shown that they are the Mortgagor to the properties, they did not suffer any personal injury from the alleged foreclosure sales, and the Complaint should be dismissed in its entirety.

**Failure to State a Claim**

13.     Rule 12(b)(6) of the Federal Rules of Civil Procedure, applicable herein under Rule 7012 of the Federal Rules of Bankruptcy Procedure, authorizes dismissal of a complaint that fails to state a claim upon which relief can be granted.[12]  "The central issue is whether, in the light most

---

[8] *See Goswami v. Metro. Sav. & Loan Ass'n,* 751 S.W.2d 487, 487 (Tex. 1988).

[9] **Exhibit ANS174**; The properties per bankruptcy filings are owned by Simona Barron and/or M&J Trust.

[10] *See* Docket No. 258 (notice of death).

[11] *Logan v. Armstrong,* 694 S.W.2d 68, 71–72 (Tex. App.—Corpus Christi 1985, no writ)

[12] FED. R. CIV. P. 12(b)(6), FED. R. BANKR. P. 7012.

favorable to the plaintiff, the complaint states a valid claim for relief."[13] In analyzing a Rule 12(b)(6) motion, the court "accepts 'all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff.'"[14]

14.     A Rule 12(b)(6) motion should only be granted if the complaint does not include "enough facts to state a claim to relief that is plausible on its face."[15] A claim is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[16] A well-pleaded complaint may proceed even if it appears recovery is remote and unlikely.[17]

15.     The court's review is limited to the allegations in the complaint and documents attached to the motion to dismiss to the extent those documents are referenced in the complaint and central to the claims.[18]

16.     Dismissal under Rule 12(b)(6) also is "appropriate when a defendant attacks the complaint because it fails to state a legally cognizable claim."[19]

**Breach of Contract**

17.     Plaintiffs fail to state a claim for breach of contract.  The elements of breach of contract under Texas law are: (1) existence of valid contract between plaintiff and defendant; (2) plaintiff performed or tendered performance under contract; (3) defendant breached contract; and (4) plaintiff was damaged as a result of the breach.[20]

---

[13] *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007).

[14] *Id.* (quoting *Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004)).

[15] *Bell Atl. Corp. vs. Twombly,* 550 U.S. 544, 557 (2007).

[16] *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009).

[17] *Twombly,* 550 U.S. at 570.

[18] *Causey v. Sewell Cadillac–Chevrolet, Inc.*, 394 F.3d 285, 288 (5th Cir. 2004).

[19] *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001).

[20] *Holloway v. Dekkers,* 380 S.W.3d 315, 324 (Tex. App.—Dallas 2012, no pet.).

18.     First, Plaintiffs fail to establish a valid contract between Plaintiffs and Defendants. Plaintiff state that Defendants breached various agreements by failing to comply with their specific provisions as they relate to defaults, notice of default, notice of sales and actual foreclosure proceedings.  However, Plaintiffs do not identify the various agreements or how Defendants failed to comply with any alleged specific provisions.

19.     Second, Plaintiffs fail to allege or show how Plaintiffs were personally.  Plaintiffs are not the owners and were not the owners at the time of the alleged foreclosure.

20.     Plaintiffs are limited to two remedies if they feel that the sale was conducted unfairly, either equitable relief to set the sale aside or damages for wrongful foreclosure.[21] Therefore, Plaintiffs have failed to state a cognizable claim for relief under breach of contract.

**<u>Wrongful Foreclosure</u>**

21.     The claim for wrongful foreclosure fails for a variety of reasons.

22.     First, Plaintiffs have also failed to state a claim for wrongful foreclosure sales. The elements of a wrongful foreclosure claim are: (1) a defect in the foreclosure sale proceedings; (2) a grossly inadequate selling price; and (3) a causal connection between the defect and the grossly inadequate selling price.[22]  "A claim for 'wrongful foreclosure' is not available based merely on showing a defect in the foreclosure process; it is also necessary that there be an inadequate selling price resulting from the defect."[23]  The Complaint alleges neither defect.

23.     Second, Plaintiffs are limited to two remedies for wrongful foreclosure, either equitable relief or damages.[24] Thus, Plaintiffs' request of "recission" of the alleged foreclosure is

---

[21] *See Pinnacle Premier Props. v. Breton,* 447 S.W.3d 558, 565 (Tex. App.—Houston [14th Dist.] 2014, no pet.).

[22] *See Miller v. BAC Home Loan Servicing, L.P.,* 726 F.3d 717, 726 (5th Cir. 2013) (*citing Sauceda v. GMAC Mortg. Corp.,* 268 S.W.3d 135, 139 (Tex. App.—Corpus Christi 2008, no pet.)).

[23] *See Biggers v. BAC Home Loans Servicing, L.P.,* 767 F. Supp. 2d 725, 729 (N.D. Tex. 2011).

[24] *See Pinnacle Premier Props.,* 447 S.W.3d at 565.

not proper. A plaintiff seeking damages for wrongful foreclosure must show that (1) there was an irregularity in the foreclosure sale and (2) the irregularity caused the plaintiff damages.[25]

24. Plaintiffs' wrongful foreclosure claim fails because: (1) the Plaintiffs have failed to produce any evidence of any alleged defect in the foreclosure sale proceeding at the time of the scheduled sale; (2) Plaintiffs do not allege that the property sold for a grossly inadequate sales price; and (3) Plaintiff do not allege that the defect resulted in an inadequate sales price.

25. Third, the Plaintiffs, as a prerequisite to making the equitable claim, must do equity.[26] Not only must the defaulting Plaintiff tender the indebtedness for rescission, the tender must be "an unconditional offer by the Plaintiffs to pay another, in current coin of the realm, a sum on each specified debt or obligation."[27] Plaintiffs fail to allege in the Complaint and otherwise have made no attempt to tender payment for any of the alleged debt , and the Plaintiffs did not plead "payment."

26. Lastly, Plaintiffs also have not established any injury from the alleged wrongful foreclosure.

27. For these reasons, Plaintiffs have failed to state a claim for wrongful foreclosure.

**Conversion**

28. Plaintiffs fail to state a claim for conversion. The elements of conversion under Texas law are: (1) the plaintiff owned, had legal possession of, or was entitled to possession of the

---

[25] *See University Sav. Ass'n v. Springwoods Shopping Ctr.*, 644 S.W.2d 705, 706 (Tex. 1982); *Houston Omni USA Co. v. Southtrust Bank Corp.*, No. 01-07-00433-CV, 2009 WL 1161860, at *6 (Tex. App.—Houston [1st Dist.] Apr. 30, 2009, no pet.) (mem. Op.).

[26] *Pachter v. Woodman*, 534 S.W.2d 1040, 1044 (1932). (This language is closely tracked without citation but with two typographical errors (read mortgage for mortgagee and incumbrance or incumbrancer), in *Pachter v. Woodman*, 534 S.W.2d 940, 946 (Tex.Civ.App.-Tyler 1976), rev'd on other grounds, 547 S.W.2d 954 (1977), See also *Phillips v. Latham*, 523 S.W. 2d 19, 23-24 (Tex. Civ. App.-Dallas 1975, writ ref'd, n.r.e.) (as requirement for equitable redemption, mortgagor need pay purchaser only fair market value of property, not full amount of sale proceeds); *Price v. Reeves*, 91 S.W.2d 862, 865 (Tex. Civ. App. -Fort Worth 1936, writ dim'd) (mortgagor required to pay debt before equitable restoration of property).

[27] *Fillion v. David Silvers Co.*, 709 S.W.2d 240 (Tex. App.-Houston [14th Dist.] 1986).

property; (2) the defendant assumed and exercised dominion and control over the property in an unlawful and unauthorized manner, to the exclusion of an inconsistent with the plaintiffs' rights; and (3) the defendant refused to plaintiff's demand for return of the property.[28]

29.     Plaintiffs have not alleged in the Complaint that Plaintiffs have title to the property, the right to possession of the property, or that Plaintiffs demanded return of the properties.  Further, Plaintiffs fail to identify or allege in the Complaint how Defendants wrongfully converted to their own use and benefit the properties alleged in the complaint.  Plaintiffs still are in possession of the alleged properties and Defendants have no possession of such.  Thus, Plaintiffs have also failed to establish an injury.

**Texas Theft Liability Act**

30.     Plaintiffs fail to identify or allege how Defendants have violated the Texas Theft Liability Act ("TTLA"), Chapter 134 of the Texas Civ. Prac. & Rem. Code and Section 31.03 of the Texas Penal Code.  The TTLA defines "theft" as "unlawfully appropriating property or unlawfully obtaining services as described by [various sections of the] Penal Code."[29]  The elements of a cause of action for civil theft in Texas are: (1) the plaintiff had a possessory right to the property; (2) the defendant appropriated the property (3) without the owner's effective consent; and (4) the plaintiff sustained damages as a result.[30] The Complaint lacks any allegations to support Plaintiffs claims that any property was (a) unlawfully appropriated with the intent to deprive the owner of the property or (2) that appropriation of Plaintiffs property would be unlawful and without the "owner's" effective consent. Therefore, Plaintiffs claims under the Texas Theft Liability Act fail.

---

[28] *Freezia v. IS Storage Venture, LLC,* 474 S.W.3d 379, 386-87 (Tex. App. 2015).

[29] *See* Tex. Civ. Prac. & Rem. Code § 134.002(2).

[30] *See* Tex. Penal Code § 31.03; Tex. Civ. Prac. & Rem. Code § 134.002; *see also O'Gan v. Ogle,* No. 03-19-00234-CV, 2020 Tex. App. LEXIS 321, at *8 (Tex. App. Jan. 15, 2020).

31.     Plaintiffs are not the owners of the properties and Plaintiffs have not alleged that they are no longer in possession of the properties. Because Plaintiffs are not the owners of the complained of properties, have provided no proof of such ownership, have failed to provide proof the plaintiffs are the defaulting mortgagors, and have failed to allege that Plaintiffs are without possession of the properties because of the foreclosure, Plaintiffs have failed to show that an injury has actually occurred to them personally.

## **CONCLUSION AND PRAYER**

WHEREFORE, Defendants pray that this matter be set for hearing and that on final hearing, the Court enter an order dismissing Plaintiffs' Original Complaint with prejudice. Defendants request such other and further relief to which Defendants are entitled.

Dated:  March 14, 2022              Respectfully submitted:

WEYCER, KAPLAN, PULASKI & ZUBER, P.C.
By:___/s/ Jeff Carruth_____
    JEFF CARRUTH (TX SBN 24001846)
    3030 Matlock Rd., Suite 201
    Arlington, Texas 76105
    Telephone: (713) 341-1158
    Fax: (866) 666-5322
    E-mail:  jcarruth@wkpz.com

ATTORNEYS FOR ANSON FINANCIAL, INC.
DEBTOR AND DEBTOR IN POSSESSION

MAGAN LAW, PLLC
By:___/s/ Kathryn Hernandez*_____
    Kathryn Hernandez (TX SBN: 24107854)
    62 Main St., Ste. 310
    Colleyville, Texas 76034
    Telephone: (817) 209-4298
    Email: k.magan@maganlawpllc.com

ATTORNEYS FOR S&F FUNDINGS, LLC and
CHANY DEVELOPMENT, INC.

*Signature by permission by /s/ Jeff Carruth*

## **CERTIFICATE OF CONFERENCE**

In light of the ECF outage on March 11, 2022, and the assistant of the undersigned being out of the office on the same, day, the parties conferred on March 11, 2022 and agreed to extend the deadline to file answer or initial pleading of Defendants to March 14, 2022.

*/s/ Jeff Carruth*
JEFF CARRUTH

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the foregoing was served on March 14, 2022 (1) by electronic notice to all ECF users who have appeared in this case to date, and/or as set forth below.

Joyce W. Lindauer on behalf of Creditor Joseph I Yammine
joyce@joycelindauer.com,
dian@joycelindauer.com;deann@joycelindauer.com;12113@notices.nextchapterbk.com

*/s/ Jeff Carruth*
JEFF CARRUTH

**EXHIBIT ANS174**

FILED

APR **1 9** 2021

CLERK, U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF TEXAS

**Fill in this information to identify your case:**

| Debtor 1 | | | |
|---|---|---|---|
| | First Name | Middle Name | Last Name |
| Debtor 2 (Spouse if filing) | First Name | Middle Name | Last Name |

United States Bankruptcy Court for the: NORTHERN DISTRICT OF TEXAS

Case number (if known)   21-40441-elm13

☐ Check if this is an amended filing

Official Form 106D
## Schedule D: Creditors Who Have Claims Secured by Property          12/15

Be as complete and accurate as possible. If two married people are filing together, both are equally responsible for supplying correct information. If more space is needed, copy the Additional Page, fill it out, number the entries, and attach it to this form. On the top of any additional pages, write your name and case number (if known).

1. Do any creditors have claims secured by your property?

   ☐ No. Check this box and submit this form to the court with your other schedules. You have nothing else to report on this form.

   ☑ Yes. Fill in all of the information below.

**Part 1:     List All Secured Claims**

2. List all secured claims. If a creditor has more than one secured claim, list the creditor separately for each claim. If more than one creditor has a particular claim, list the other creditors in Part 2. As much as possible, list the claims in alphabetical order according to the creditor's name.

| | Column A<br>Amount of claim<br>Do not deduct the value of collateral | Column B<br>Value of collateral that supports this claim | Column C<br>Unsecured portion<br>If any |
|---|---|---|---|

**2.1**

Anson Financial, Inc.
Creditor's name
62 Main Street, Suite 300
Number     Street

Describe the property that secures the claim:    **$32,000.00**    **$84,000.00**

1617 Clinton

Colleyville        TX    76034
City              State   ZIP Code

As of the date you file, the claim is: Check all that apply
☐ Contingent
☐ Unliquidated
☐ Disputed

Who owes the debt? Check one
☑ Debtor 1 only
☐ Debtor 2 only
☐ Debtor 1 and Debtor 2 only
☐ At least one of the debtors and another

☐ Check if this claim relates to a community debt

Nature of lien. Check all that apply
☐ An agreement you made (such as mortgage or secured car loan)
☐ Statutory lien (such as tax lien, mechanic's lien)
☐ Judgment lien from a lawsuit
☑ Other (including a right to offset)
**Deed of Trust**

Date debt was incurred _____    Last 4 digits of account number _____

Add the dollar value of your entries in Column A on this page. Write that number here:          **$32,000.00**

Official Form 106D          Schedule D: Creditors Who Have Claims Secured by Property          page 1

Debtor 1 _____       Case number (if known)  **21-40441-elm13**

| | | Column A<br>**Amount of claim**<br>Do not deduct the<br>value of collateral | Column B<br>**Value of collateral**<br>that supports this<br>claim | Column C<br>**Unsecured**<br>portion<br>if any |
|---|---|---|---|---|
| **Part 1:** | **Additional Page**<br>After listing any entries on this page, number them<br>sequentially from the previous page. | | | |

---

**2.2**

Anson Financial, Inc.
Creditor's name
62 Main Street, Suite 300
Number   Street

_____

Colleyville    TX   76034
City         State  ZIP Code

**Who owes the debt?** Check one
- ☑ Debtor 1 only
- ☐ Debtor 2 only
- ☐ Debtor 1 and Debtor 2 only
- ☐ At least one of the debtors and another

- ☐ Check if this claim relates
to a community debt

Date debt was incurred _____

Describe the property that
secures the claim:

2625 Prospect Ave

Column A: $19,500.00   Column B: $60,000.00

**As of the date you file, the claim is:** Check all that apply
- ☐ Contingent
- ☐ Unliquidated
- ☐ Disputed

**Nature of lien.** Check all that apply
- ☐ An agreement you made (such as mortgage or secured car loan)
- ☐ Statutory lien (such as tax lien, mechanic's lien)
- ☐ Judgment lien from a lawsuit
- ☑ Other (including a right to offset)
**Deed of Trust**

Last 4 digits of account number ___ ___ ___ ___

---

**2.3**

Anson Financial, Inc.
Creditor's name
62 Main Street, Suite 300
Number   Street

_____

Colleyville    TX   76034
City         State  ZIP Code

**Who owes the debt?** Check one
- ☑ Debtor 1 only
- ☐ Debtor 2 only
- ☐ Debtor 1 and Debtor 2 only
- ☐ At least one of the debtors and another

- ☐ Check if this claim relates
to a community debt

Date debt was incurred _____

Describe the property that
secures the claim:

2621 Prospect Ave

Column A: $19,500.00   Column B: $60,000.00

**As of the date you file, the claim is:** Check all that apply
- ☐ Contingent
- ☐ Unliquidated
- ☐ Disputed

**Nature of lien.** Check all that apply.
- ☐ An agreement you made (such as mortgage or secured car loan)
- ☐ Statutory lien (such as tax lien, mechanic's lien)
- ☐ Judgment lien from a lawsuit
- ☑ Other (including a right to offset)
**Deed of Trust**

Last 4 digits of account number ___ ___ ___ ___

---

Add the dollar value of your entries in Column A on this page. Write
that number here:        **$39,000.00**

**Simona Barron**

21-40441-elm13

Debtor 1

Case number (if known)

| Part 1: | Additional Page<br>After listing any entries on this page, number them sequentially from the previous page. | | Column A<br>Amount of claim<br>Do not deduct the value of collateral | Column B<br>Value of collateral that supports this claim | Column C<br>Unsecured portion if any |
|---|---|---|---|---|---|

| | |
|---|---|
| **2 4** | Describe the property that secures the claim: |

Anson Financial, Inc.
Creditor's name
**62 Main Street, Suite 300**
Number    Street

**2704 Holland**

$19,500.00 | $60,000.00

**Colleyville** **TX** **76034**
City    State    ZIP Code

**As of the date you file, the claim is:** Check all that apply

☐ Contingent
☐ Unliquidated
☐ Disputed

**Who owes the debt?** Check one
☑ Debtor 1 only
☐ Debtor 2 only
☐ Debtor 1 and Debtor 2 only
☐ At least one of the debtors and another

**Nature of lien.** Check all that apply
☐ An agreement you made (such as mortgage or secured car loan)
☐ Statutory lien (such as tax lien, mechanic's lien)
☐ Judgment lien from a lawsuit
☑ Other (including a right to offset)
  **Deed of Trust**

☐ Check if this claim relates to a community debt

Date debt was incurred

Last 4 digits of account number ___ ___ ___ ___

| | |
|---|---|
| **2 5** | Describe the property that secures the claim: |

Anson Financial, Inc.
Creditor's name
**62 Main Street, Suite 300**
Number    Street

**130 LaGanda Ave.**

$19,500.00 | $20,000.00

**Colleyville** **TX** **76034**
City    State    ZIP Code

**As of the date you file, the claim is:** Check all that apply

☐ Contingent
☐ Unliquidated
☐ Disputed

**Who owes the debt?** Check one
☑ Debtor 1 only
☐ Debtor 2 only
☐ Debtor 1 and Debtor 2 only
☐ At least one of the debtors and another

**Nature of lien.** Check all that apply
☐ An agreement you made (such as mortgage or secured car loan)
☐ Statutory lien (such as tax lien, mechanic's lien)
☐ Judgment lien from a lawsuit
☑ Other (including a right to offset)
  **Deed of Trust**

☐ Check if this claim relates to a community debt

Date debt was incurred

Last 4 digits of account number ___ ___ ___ ___

Add the dollar value of your entries in Column A on this page. Write that number here:

$39,000.00

Official Form 106D        Additional Page of Schedule D: Creditors Who Have Claims Secured by Property

21-40441-elm13

| Part 1: | Additional Page | Column A | Column B | Column C |
|---------|-----------------|----------|----------|----------|
| | After listing any entries on this page, number them sequentially from the previous page. | Amount of claim Do not deduct the value of collateral | Value of collateral that supports this claim | Unsecured portion If any |

**2.6**

Anson Financial, Inc.
Creditor's name
62 Main Street, Suite 300
Number    Street

Describe the property that secures the claim:
1720 McCurdy St.

$3,000.00       $20,000.00

Colleyville     TX   76034
City              State   ZIP Code

**Who owes the debt?** Check one
- ☑ Debtor 1 only
- ☐ Debtor 2 only
- ☐ Debtor 1 and Debtor 2 only
- ☐ At least one of the debtors and another
- ☐ Check if this claim relates to a community debt

Date debt was incurred

As of the date you file, the claim is: Check all that apply
- ☐ Contingent
- ☐ Unliquidated
- ☐ Disputed

Nature of lien. Check all that apply
- ☐ An agreement you made (such as mortgage or secured car loan)
- ☐ Statutory lien (such as tax lien, mechanic's lien)
- ☐ Judgment lien from a lawsuit
- ☑ Other (including a right to offset)
  Deed of Trust

Last 4 digits of account number

**2.7**

Anson Financial, Inc.
Creditor's name
62 Main Street, Suite 300
Number    Street

Describe the property that secures the claim:
3220 N. Houston

$2,000.00       $20,000.00

Colleyville     TX   76034
City              State   ZIP Code

**Who owes the debt?** Check one
- ☑ Debtor 1 only
- ☐ Debtor 2 only
- ☐ Debtor 1 and Debtor 2 only
- ☐ At least one of the debtors and another
- ☐ Check if this claim relates to a community debt

Date debt was incurred

As of the date you file, the claim is: Check all that apply
- ☐ Contingent
- ☐ Unliquidated
- ☐ Disputed

Nature of lien. Check all that apply
- ☐ An agreement you made (such as mortgage or secured car loan)
- ☐ Statutory lien (such as tax lien, mechanic's lien)
- ☐ Judgment lien from a lawsuit
- ☑ Other (including a right to offset)
  Deed of Trust

Last 4 digits of account number

Add the dollar value of your entries in Column A on this page. Write that number here:

$5,000.00

Debtor 1 _____   Case number (if known) __21-40441-elm13__

| **Part 1:** | **Additional Page** After listing any entries on this page, number them sequentially from the previous page. | Column A Amount of claim Do not deduct the value of collateral | Column B Value of collateral that supports this claim | Column C Unsecured portion if any |
|---|---|---|---|---|

**2 8**

Internal Revenue Service
Creditor's name
Centralized Insolvency
Number    Street
POB 7346

Philadelphia     PA    19101-7346
City                State   ZIP Code

**Who owes the debt?  Check one**
- [x] Debtor 1 only
- [ ] Debtor 2 only
- [ ] Debtor 1 and Debtor 2 only
- [ ] At least one of the debtors and another

- [ ] Check if this claim relates to a community debt

Date debt was incurred _____

Describe the property that secures the claim:

**Real and Personal Property**

As of the date you file, the claim is: Check all that apply
- [ ] Contingent
- [ ] Unliquidated
- [ ] Disputed

**Nature of lien.  Check all that apply**
- [ ] An agreement you made (such as mortgage or secured car loan)
- [ ] Statutory lien (such as tax lien, mechanic's lien)
- [ ] Judgment lien from a lawsuit
- [x] Other (including a right to offset)
  **Tax Lien**

Last 4 digits of account number ___ ___ ___ ___

Add the dollar value of your entries in Column A on this page.  Write that number here:

**$47,556.74**

Debtor 1  Simona Joseph Barron

Case number (if known)  21-40441-elm13

**Part 1:**  Additional Page

After listing any entries on this page, number them sequentially from the previous page.

| | Column A<br>Amount of claim<br>Do not deduct the<br>value of collateral | Column B<br>Value of collateral<br>that supports this<br>claim | Column C<br>Unsecured<br>portion<br>If any |
|---|---|---|---|

2.13

**Tarrant County**

**Linebarger Goggan Blair & Sampson**
Number   street
**2777 N. Stemmons Frwy**

**Suite 1000**

**Dallas**       **TX**   **75207**
City                State   ZIP Code

Who owes the debt?  Check one
☑ Debtor 1 only
☐ Debtor 2 only
☐ Debtor 1 and Debtor 2 only
☐ At least one of the debtors and another

☐ Check if this claim relates
   to a community debt

Date debt was incurred _____

**Escrowed**

Describe the property that
secures the claim:                    $0.00         $0.00

As of the date you file, the claim is:  Check all that apply
☐ Contingent
☐ Unliquidated
☐ Disputed

Nature of lien.  Check all that apply
☐ An agreement you made (such as mortgage or secured car loan)
☐ Statutory lien (such as tax lien, mechanic's lien)
☐ Judgment lien from a lawsuit
☑ Other (including a right to offset)
   **Property Taxes**

Last 4 digits of account number _____

Add the dollar value of your entries in Column A on this page.  Write
that number here:                                          $3,672.02

If this is the last page of your form, add the dollar value totals from
all pages.  Write that number here:                       $319,198.57

Official Form 106D           Additional Page of Schedule D: Creditors Who Have Claims Secured by Property

**Fill in this information to identify your case:**

Debtor 1 _Simmons_ _Joseph_ _Barron_
First Name          Middle Name          Last Name

Debtor 2
(Spouse, if filing) First Name          Middle Name          Last Name

United States Bankruptcy Court for the: **NORTHERN DISTRICT OF TEXAS**

Case number: **21-40441-elm13**
(if known)

☐ Check if this is an amended filing

Official Form 106Sum

## Summary of Your Assets and Liabilities and Certain Statistical Information 12/15

Be as complete and accurate as possible. If two married people are filing together, both are equally responsible for supplying correct information. Fill out all of your schedules first; then complete the information on this form. If you are filing amended schedules after you file your original forms, you must fill out a new Summary and check the box at the top of this page.

### Part 1: Summarize Your Assets

**Your assets**
Value of what you own

1. *Schedule A/B: Property* (Official Form 106A/B)

   1a. Copy line 55, Total real estate, from Schedule A/B ................................ 279,000

   1b. Copy line 62, Total personal property, from Schedule A/B ................ $70,250.00

   1c. Copy line 63, Total of all property on Schedule A/B ............................ 349,250

### Part 2: Summarize Your Liabilities

**Your liabilities**
Amount you owe

2. *Schedule D: Creditors Who Have Claims Secured by Property* (Official Form 106D)

   2a. Copy the total you listed in Column A, Amount of claim, at the bottom of the last page of Part 1 of Schedule D ................ $319,198.57

3. *Schedule E/F: Creditors Who Have Unsecured Claims* (Official Form 106E/F)

   3a. Copy the total claims from Part 1 (priority unsecured claims) from line 6e of Schedule E/F .................... $2,700.00

   3b. Copy the total claims from Part 2 (nonpriority unsecured claims) from line 6j of Schedule E/F .......... + $63,392.63

   **Your total liabilities** $385,291.20

### Part 3: Summarize Your Income and Expenses

4. *Schedule I: Your Income* (Official Form 106I)
   Copy your combined monthly income from line 12 of Schedule I ................ $4,916.99

5. *Schedule J: Your Expenses* (Official Form 106J)
   Copy your monthly expenses from line 22c of Schedule J ........................ $2,413.00

*I have Rgnt To Amend schedule once I hire an Accountant & a lawyer*

Debtor 1    Simona Joseph Barron                            Case number (if known)   21-40441-elm13

## Part 4:    Answer These Questions for Administrative and Statistical Records

6.    Are you filing for bankruptcy under Chapters 7, 11, or 13?

☐ No    You have nothing to report on this part of the form   Check this box and submit this form to the court with your other schedules
☑ Yes

7.    What kind of debt do you have?

☑ **Your debts are primarily consumer debts.**  *Consumer debts* are those "incurred by an individual primarily for a personal, family, or household purpose"  11 U.S.C. § 101(8)  Fill out lines 8-9g for statistical purposes  28 U.S.C. § 159

☐ **Your debts are not primarily consumer debts.**  You have nothing to report on this part of the form   Check this box and submit this form to the court with your other schedules

8.    From the *Statement of Your Current Monthly Income:* Copy your total current monthly income from
Official Form 122A-1 Line 11, OR, Form 122B Line 11  OR, Form 122C-1 Line 14                                          $4,910.50

9.    Copy the following special categories of claims from Part 4, line 6 of *Schedule E/F:*

|  |  | Total claim |
|---|---|---|
| | **From Part 4 on *Schedule E/F,* copy the following:** | |
| 9a | Domestic support obligations  (Copy line 6a ) | $0.00 |
| 9b | Taxes and certain other debts you owe the government  (Copy line 6b ) | $0.00 |
| 9c | Claims for death or personal injury while you were intoxicated   (Copy line 6c ) | $0.00 |
| 9d | Student loans  (Copy line 6f ) | $0.00 |
| 9e | Obligations arising out of a separation agreement or divorce that you did not report as priority claims  (Copy line 6g ) | $0.00 |
| 9f | Debts to pension or profit-sharing plans, and other similar debts  (Copy line 6h ) | + $0.00 |
| 9g | **Total.**  Add lines 9a through 9f | $0.00 |

**Fill in this information to identify your case:**

Debtor 1    Simona Joseph Barron
            First Name    Middle Name    Last Name

Debtor 2
(Spouse, if filing)    First Name    Middle Name    Last Name

United States Bankruptcy Court for the: NORTHERN DISTRICT OF TEXAS

Case number    21-40441-elm13
(If known)

☐ Check if this is an
  amended filing

## Official Form 106Dec

## Declaration About an Individual Debtor's Schedules

12/15

If two married people are filing together, both are equally responsible for supplying correct information.

You must file this form whenever you file bankruptcy schedules or amended schedules. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $250,000, or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

### Sign Below

Did you pay or agree to pay someone who is NOT an attorney to help you fill out bankruptcy forms?

☑ No

☐ Yes    Name of person _____    Attach Bankruptcy Petition Preparer's Notice,
                                          Declaration, and Signature (Official Form 119)

Under penalty of perjury, I declare that I have read the summary and schedules filed with this declaration and that they are true and correct.

X  Simona Joseph Barron                    X _____
   Joseph Imad Barron, Debtor 1              Signature of Debtor 2

   Date  04/19/2021                          Date _____
        MM / DD / YYYY                            MM / DD / YYYY

Declaration About an Individual Debtor's Schedules