Joyce W. Lindauer
State Bar No. 21555700
Joyce W. Lindauer Attorney, PLLC
1412 Main St., Suite 500
Dallas, Texas 75202
Telephone: (972) 503-4033
Facsimile: (972) 503-4034
Attorneys for Plaintiff

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION**

| | | |
|---|---|---|
| **In Re:** | § | |
| | § | **Case No. 21-41517-elm** |
| **ANSON FINANCIAL, INC.,** | § | **Chapter 7** |
| **Debtor.** | § | |
| | § | |
| **JOSEPH YAMMINE, Individually and** | § | |
| **d/b/a JW CONSTRUCTION,** | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **Adversary No. 22-04008-elm** |
| | § | |
| **ANSON FINANCIAL, INC.,** | § | |
| **S&F FUNDING, LLC and CHANY** | § | |
| **DEVELOPMENT, INC.,** | § | |
| **Defendants.** | § | |

**OBJECTION TO DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S ORIGINAL COMPLAINT FOR LACK OF SUBJECT MATTER JURISDICTION AND FAILURE TO STATE A CLAIM**

**TO THE HONORABLE UNITED STATES BANKRUPTCY JUDGE:**

COMES NOW Joseph Yammine, Individually and d/b/a JW Construction, the Plaintiff in the above-styled and numbered case ("Plaintiff") and files this his Objection to the Motion to Dismiss Plaintiff's Original Complaint filed by Anson Financial, Inc., S&F Funding, LLC and Chany Development, Inc., Defendants herein (Doc. No. 9, the "Motion") and in support thereof respectfully states as follows:

## I. ADMISSIONS AND DENIALS

1. Plaintiff admits paragraph 1 of the Motion.

2. Plaintiff admits paragraph 2 of the Motion.

3. Plaintiff admits paragraph 3 of the Motion.

4. Plaintiff denies paragraph 4 of the Motion.

5. Plaintiff denies paragraph 5 of the Motion.

6. Paragraph 6 of the motion is legal argument for which no admission or denial is required.

7. Paragraph 7 of the Motion is legal argument for which no admission or denial is required.

8. Paragraph 8 of the Motion is legal argument for which no admission or denial is required.

9. Plaintiff denies paragraph 9 of the Motion.

10. Plaintiff denies paragraph 10 of the Motion.

11. Plaintiff denies paragraph 11 of the Motion, except that he admits that Simona Barron is deceased.

12. Plaintiff denies paragraph 12 of the Motion.

13. Paragraph 13 of the Motion is legal argument for which no admission or denial is required.

14. Paragraph 14 of the Motion is legal argument for which no admission or denial is required.

15. Paragraph 15 of the Motion is legal argument for which no admission or denial is required.

16. Paragraph 16 of the Motion is legal argument for which no admission or denial is required.

17. Regarding paragraph 17 of the Motion, Plaintiff denies that he failed to state a claim for breach of contract. The remainder of this paragraph is legal argument for which no admission or denial is required.

18. Plaintiff denies paragraph 18 of the Motion, except that Plaintiff admits that he alleged in the Complaint that Defendants breached the subject deeds of trust by failing to comply with their provisions regarding proper notices of acceleration and notices of foreclosure sales.

19. Plaintiff denies paragraph 19 of the Motion.

20. Plaintiff denies paragraph 20 of the Motion.

21. Plaintiff denies paragraph 21 of the Motion.

22. Plaintiff denies the allegation in Paragraph 22 that it has failed to state a claim for wrongful foreclosure sales. The remainder of this paragraph is legal argument for which no admission or denial is required.

23. Paragraph 23 of the Motion is legal argument for which no admission or denial is required.

24. Plaintiff denies paragraph 24 of the Motion.

25. Plaintiff denies the allegations in paragraph 25 of the Motion that the Plaintiff failed to tender a payment. Plaintiff in fact did tender payment to Michael Ferguson who ensured Plaintiff the sale would be canceled, but in fact foreclosed on the properties despite the payment. The remainder of Paragraph 25 of the Motion is legal argument for which no admission or denial is required.

26. Plaintiff denies paragraph 26 of the Motion.

27. Plaintiff denies paragraph 27 of the Motion.

28. Plaintiff denies the allegations in paragraph 28 of the Motion that it has failed to state a claim for conversion. The remainder of Paragraph 28 of the Motion is legal argument for which no admission or denial is required.

29. Plaintiff denies paragraph 29 of the Motion, except that Plaintiff admits that it is in possession of the property.

30. Plaintiff denies paragraph 30 of the Motion, except legal argument for which no admission or denial is required.

31. Plaintiff denies paragraph 31 of the Motion, except legal argument for which no admission or denial is required.

## II. ARGUMENT AND AUTHORITIES

32. **The Court has subject matter jurisdiction.** The Defendants inaccurately argue that the Plaintiff did not own the subject properties, and therefore has not been injured by the Defendants' actions to foreclose on the properties, and thus has no standing to bring this action. To the contrary, the Plaintiff did own and hold clear title to the properties on the date of Defendants' wrongful foreclosure, which he has stated in the Complaint. The Plaintiff has denied Defendants' allegations in this regard, above. The Defendants cannot claim the Court has no subject matter jurisdiction unless and until it proves the Plaintiff did not own the properties at the relevant time, which it cannot do.

33. **The Plaintiff has stated a claim for breach of contract.** The Defendants recite the elements of a cause of action for breach of contract as: (1) existence of valid contract between plaintiff and defendant; (2) plaintiff performed or tendered performance under contract; (3) defendant breached the contract by foreclosing on the properties; and (4) plaintiff was

damaged as a result of the breach. All these elements are clearly alleged in the Complaint. The Plaintiff alleges the existence of various deeds of trust, which are contracts between the Plaintiff and Defendants. The Plaintiff alleges that he tendered payment, which was refused by Defendants. The Plaintiff alleges that the Defendants breached the deeds of trust by foreclosing despite payment, and by failing to comply with the provisions in the deeds of trust regarding proper notice of foreclosure. Finally, the Plaintiff alleges that he has been injured by these breaches of contract by being deprived of his rightful ownership of the properties.

34. **The Plaintiff has stated a claim for wrongful foreclosure.**

35. **The Plaintiff has stated a claim for conversion.** The Defendants recite the elements of a cause of action for conversion as: (1) the plaintiff owned, had legal possession of, or was entitled to possession of the property; (2) the defendant assumed and exercised dominion and control over the property in an unlawful and unauthorized manner, to the exclusion of and inconsistent with the plaintiff's rights; and (3) the defendant refused plaintiff's demand for return of the property. Each of these elements is alleged in the Complaint. The Plaintiff alleges that he was the owner of the subject properties on the date of foreclosure, that the Defendants exercised dominion and control over the properties by foreclosing on the properties in violation of the deeds of trust and applicable law, and that the Defendants foreclosed despite Plaintiff's tender of payment.

36. **The Plaintiff has stated a cause of action for violation of the Texas Theft Liability Act ("TTLA").** The TTLA defines "theft" as "unlawfully appropriating property or unlawfully obtaining services as described by [various sections of the] Penal Code." The Defendants recite the elements of a cause of action for civil theft in Texas are: (1) the plaintiff had a possessory right to the property; (2) the defendant appropriated the property (3) without

the owner's effective consent; and (4) the plaintiff sustained damages as a result. In the Complaint the Plaintiff alleges that he owned the properties (thus entitling him to possession), that the Defendants appropriated the properties by foreclosing despite payment and in violation of the deeds of trust and applicable law, that he did not give consent to the misappropriation, and that he sustained damages as a result.

37. **The Plaintiff has stated a plausible claim for relief on all his causes of action.** A Rule 12(b)(6) motion should only be granted if the complaint does not include "enough facts to state a claim to relief that is plausible on its face."[1] A claim is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[2] A well-pleaded complaint may proceed even if it appears recovery is remote and unlikely.[3] In analyzing a Rule 12(b)(6) motion, the court "accepts 'all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff'"[4]. As stated above, the Plaintiff has pleaded more than adequate facts to support a plausible claim for relief on all its causes of action. Each element of each cause of action is well-pleaded.

38. Should the Court disagree with the Plaintiff's arguments that the Complaint properly states a claim, the Plaintiff hereby requests the Court to allow Plaintiff an opportunity to amend his claims as appropriate.

WHEREFORE, PREMISES CONSIDERED, Plaintiff respectfully requests the Court to deny the Motion to Dismiss; and for such other and further relief, in law or equity, to which the Plaintiff may show himself justly entitled.

---

[1] *Bell Atl. Corp. vs. Twombly*, 550 U.S. 544, 557 (2007).
[2] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).
[3] *Twombly*, 550 U.S. at 570
[4] *In re Katrina Canal Breaches Litig.,* 495 F.3d 191, 205 (5th Cir. 2007)

Dated: April 4, 2022.

Respectfully Submitted,

/s/ Joyce W. Lindauer

Joyce W. Lindauer
State Bar No. 21555700
Joyce W. Lindauer Attorney, PLLC
1412 Main Street, Suite 500
Dallas, Texas 75202
Telephone: (972) 503-4033
Facsimile: (972) 503-4034
ATTORNEY FOR PLAINTIFF

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on April 4, 2022, a true and correct copy of the foregoing document was served via email pursuant to the Court's ECF system upon the parties receiving electronic notice in this case.

*/s/ Joyce W. Lindauer*

Joyce W. Lindauer